A. FERNÁNDEZ HERMANO & Co., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent; RAFAEL A. BUSCAGLIA, TREAS-URER OF PUERTO RICO, Intervener.

No. 90. Argued July 1, 1946.—Decided July 26, 1946.

*E. Martínez Rivera* and *Luis Blanco Lugo* for petitioner. *E. Campos del Toro, Attorney General,* and *J. B. Fernández Badillo, Assistant Attorney General,* for the intervener Treasurer of Puerto Rico, respondent in the main proceeding.

Mr. Justice Córdova delivered the opinion of the court.

This case involves the revision of a judgment of the Tax Court dismissing the complaint in which the petitioner challenged the deficiencies assessed by the Treasurer regarding petitioner's income tax for the years 1938 and 1939.

The complaint and the evidence for the petitioner expressed only the conclusion that the deficiencies were improper because the income and expenses of the petitioner were those reported in the returns which it filed in due course for the years 1938 and 1939. The petitioner also introduced in evidence its books. The Tax Court held that the taxpayer did not overcome the presumption that the deficiencies assessed by the Treasurer are correct.

Neither the complaint nor the evidence shows which items of income or expense are in controversy. The only thing we know, and the only thing which the Tax Court knew is that the Treasurer taxed deficiencies and that the taxpayer has stated under oath that these deficiencies are improper because the returns filed by it were correct.

We agree with the Tax Court that the taxpayer's evidence, under those circumstances, is not sufficient to overcome the presumption of correctness which the deficiencies taxed by the Treasurer carry. The taxpayer has not directly contradicted the deficiencies, which must have been based on the modification or rejection of specific items of income or expenses reported by the taxpayer, or the addition of new items

of income. It does not explain what those items are or in what respect it disagrees with the determination of the Treasurer.

In oral argument before this court, the taxpayer intimated that it did not allege or prove anything as to the specific items on which the deficiency may have been based, because it did not know them. Neither the record nor the briefs filed in the Tax Court show that the taxpayer was ignorant of the items on which the deficiencies were based. The taxpayer did not attach to its complaint or present in evidence copy of the deficiency notices. According to the usual practice [1] those notices should have informed the taxpayer of the items in controversy. If they did not contain that information, the taxpayer should have alleged and proved this. As it did not allege or prove it, we must presume, on the basis of the practice, as we know it, that the taxpayer had knowledge of the items in controversy and omitted or preferred not to mention or discuss them.

The presumption that the Treasurer acted correctly in rejecting, modifying, or adding certain items of income or expense cannot be overcome if the discussion of such items is omitted or avoided. The Tax Court cannot give full credit to the taxpayer's testimony that, in general terms, its income and expenses were those it reported in due course, when such testimony conflicts with a specific determination of the Treasurer that in certain particulars the income or expenses were not correctly reported by the taxpayer, and the taxpayer remains silent as to those particulars. It is true that in this case the Tax Court was ignorant, and so are we, of the item or items in controversy. And it is true that the Treasurer knows, or should know, what that item or items may be. But

---

[1] The practice of reporting the items rejected, modified, or added appears from the many cases which this court reviews, and it also appears implicitly from § 327 of Income Tax Regulation No. 1, which requires that a taxpayer who does not agree with the preliminary deficiency notice, specify the conclusions of the Income Tax Bureau to which he takes exception and set out the grounds he has for each exception.

we must presume that the taxpayer also knew it. And it is not up to the Treasurer but to the taxpayer to present adequately the true controversy, as far as the taxpayer knows it, and to prove that in that controversy he is right.

The Tax Court did not err in dismissing the complaint of the petitioner. Its decision should be affirmed.